IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROCKEY MORANTE, §
 §
Movant, §
 §
VS. § NO. 4:09-CV-248-A
 § (NO. 4:06-CR-183-A)
UNITED STATES OF AMERICA, §
 §
Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Rockey Morante ("Morante") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] Having reviewed the motion, Morante's memorandum, respondent's response and appendix, the record, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 7, 2006, Morante pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At the time, Morante was represented by attorneys Bryan K. Buchanan ("Buchanan") and Tim S. Gilpin ("Gilpin"). Following the court's receipt of a letter sent by Morante, the

---

[1] Movant refers to his motion as a "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2255, the court uses the terms "movant" and "motion" instead of "petitioner" and "petition."

1

court held a hearing to address Morante's request to have different attorneys represent him. After hearing Morante's concern that Buchanan and Gilpin had a conflict of interest in representing him, the court recessed the hearing and appointed Danny Burns ("Burns") to represent Morante for the limited purpose of informing him of the consequences of discharging his attorneys and advancing Morante's claim that a conflict of interest existed between Morante and his counsel. On April 4, 2007, the court discharged Buchanan and Gilpin as Morante's attorneys and appointed Burns to fully represent Morante in his criminal action. On May 25, 2007, Morante was sentenced to a term of imprisonment of 365 months, to be followed by a four-year term of supervised release. The Court of Appeals for the Fifth Circuit affirmed Morante's conviction and sentence on June 6, 2008. Morante timely filed this present motion.

II.

## Grounds of the Motion

In support of his motion, Morante asserts that he received ineffective assistance of counsel by Buchanan and Gilpin because they (1) had a conflict of interest that they did not disclose to Morante and (2) erroneously informed him of his sentencing exposure.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

Analysis

A. Conflict of Interest

Morante first argues that he was denied his Sixth Amendment right to counsel because Buchanan and Gilpin were retained by Fernando Martinez ("Martinez"), the supplier of the methamphetamine for which Morante was convicted.[2] Inherent dangers often arise when a criminal defendant is represented by a lawyer paid by a third-party, especially when the third-party oversees the defendant's criminal activity. See Wood v. Georgia, 450 U.S. 261, 268-69 (1980). A criminal defendant's Sixth Amendment right to counsel includes the "right to representation

---

[2] Morante continually refers to Martinez as his co-defendant. The record reflects that the only defendants named in Morante's criminal action were Morante and Jorge Alejandro Cortez.

3

that is free from any conflict of interest." United States v. Vaquero, 997 F.2d 78, 89 (5th Cir. 1993).

To prove a Sixth Amendment violation on the basis of counsel's conflict of interest, a defendant must show "(1) that his counsel was acting under the influence of an actual conflict that (2) adversely affected representation." United States v. Culverhouse, 507 F.3d 888, 892 (5th Cir. 2007). A conflict is an actual conflict only where counsel is "compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." United States v. Garcia-Jasso, 472 F.3d 239, 243 (5th Cir. 2006). The "adverse effect" standard is a lower standard than the actual prejudice standard required by Strickland v. Washington, 466, U.S. 668 (1984). Perillo v. Johnson, 205 F.3d 775, 806 (5th Cir. 2000). The standard "may be established with evidence that some plausible alternative defense strategy or tactic could have been pursued, but was not because of the actual conflict impairing counsel's performance. Id. at 781 (internal quotation marks omitted). Prejudice is assumed upon a defendant's showing of an actual conflict that adversely affected representation. Culverhouse, 507 F.3d at 892.

Morante argues that Buchanan and Gilpin (1) encouraged him to refrain from disclosing that Martinez supplied him methamphetamine[3] and (2) misled him to believe that he would receive a sentence somewhere between 8-12 years if he pleaded

---

[3] Morante does not assert this in his declaration, only in his unverified memorandum.

4

guilty. Both of these actions were done, according to Morante, because Martinez was paying their fees.

The court concludes that Morante has failed to show that he was adversely affected by Buchanan's and Gilpin's actions. Following a hearing on the propriety of Buchanan's and Gilpin's conduct, the court has already found that both "attorneys knew when they undertook to represent Morante that there was a conflict of interest between Morante and Martinez in the sense that Morante could gain a benefit as to the criminal charges against him if he were to provide cooperation with the government by disclosing Martinez's involvement in the drug transaction." In re Disciplinary Proceedings Against Buchanan and Gilpin, 4:07-MC-020-A, 2007 WL 3287353 *10 (N.D. Tex. Nov. 6, 2007). The court has also found, however, that Morante knew from the outset of the representation that Martinez had retained Buchanan and Gilpin, and that Morante was in no way harmed by the conflict. Id. at *11. Moreover, Morante was given an opportunity to cooperate with the government and did disclose information about Martinez. Based on Morante's cooperation with the government, the court found that Morante had accepted responsibility and awarded a three-point reduction to his sentence. See Sentencing Tr. 28, May 25, 2007.

Further, after the court learned of Buchanan's and Gilpin's conflict, the court appointed Burns to substitute as counsel for Morante. Morante makes no assertions that Burns provided him with anything less than constitutionally adequate representation.

5

The record reflects that Burns clearly explained to Morante that he could withdraw his plea of guilty and "start all over." Id. at 30. This claim cannot serve as the basis for Morante's requested relief.

B.  Ineffective Assistance of Counsel

Morante also argues that he received ineffective assistance by Buchanan and Gilpin because they told him that if he went to trial he could receive a life sentence, but if he pleaded guilty, he would receive a sentence somewhere between 8-12 years.

"The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." Matthew v. Johnson, 201 F.3d 353, 365 (5th Cir. 2000). To prevail on his claim, Morante must prove both that (1) counsel's performance was deficient and (2) Morante was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 695 (1984). "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). Whether Morante was prejudiced turns on whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have gone to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Morante has failed to show that he was prejudiced by any of Buchanan and Gilman's advice regarding his sentencing exposure. While Morante contends in his memorandum that had he known that he would not receive an 8-12 year sentence, he would have stood

6

trial or made a "cooperating plea with the government," this unverified statement is completely contradicted by the record.[4] Movant's Mem. at 8. At Morante's rearraignment hearing, the court explained to Morante that the court would determine his sentence after reviewing the presentence report. See Rearraingment Tr. 8-10, Dec. 7, 2006. Further, the plea agreement signed by Morante and read in court clearly stated that "the minimum and maximum penalties the Court can impose include: imprisonment for a period of not less than five yars and not more than 40 years . . . ." Id. at 24. The court further reiterated this sentence exposure with Morante, who told the court that he understood that he was subjecting himself to those penalties. Id. at 26.

Most significantly, after the court appointed Burns to represent Morante, Burns clearly explained to Morante the possibility of withdrawing his guilty plea after knowing that his sentence would not be between 8-12 years. Sentencing Tr. at 30. Morante makes no contention that Burns incorrectly informed him of his sentence exposure or likely sentence range.[5] Instead, after discussing his options with Burns, Morante elected not to withdraw his guilty plea. Id. Accordingly, Morante has failed to show that he was prejudiced by any of Buchanan's or Gilpin's

---

[4] Morante states in his declaration only that "I am contending that the fact that I received 360 months imprisonment did not allow me to make a proper decision upon being unaware of the sentencing guidelines, prior to accepting the government's plea agreement was prejudicial to me." Decl. of Rockey Morante at ¶ 7.

[5] Morante had already received a copy of the presentence report and knew the recommendations contained in the report when Burns told him that he could withdraw his guilty plea.

statements about his sentencing exposure.

## V.

### ORDER

For the reasons discussed above,

The court ORDERS that the motion of Rockey Morante to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED June 22, 2009.

_____
JOHN McBRYDE
United States District Judge